FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 AUG -3 PM 2:26

WILLIAM NEGRON,

    Plaintiff,

DEMAND FOR JURY TRIAL

-vs-

Case No. 8: 16 cv 2231 36 MAP
Hon.

SELENE FINANCE LP, a Foreign Limited
Partnership and
CITIMORTGAGE INC.

    Defendants.

## COMPLAINT

The Plaintiff, WILLIAM NEGRON, sues the Defendant, SELENE FINANCE LP, and in support thereof respectfully alleges the following:

### Jurisdiction and Venue

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. The amount in controversy exceeds $75,000.00 exclusive of costs and fees.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district over the related state law claims which give rise to the Federal law



claims with supplemental jurisdiction in which a substantial part of the same nucleus of operative facts events or omissions giving rise to this action occurred.

## Introduction

5. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

6. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant SELENE FINANCE LP, (hereafter "SELENE'), in violation of the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").Parties

7. The Plaintiff to this lawsuit is a Citizen of Miami Dade County, FL.

8. At all times material hereto, Defendant, SELENE was a foreign limited partnership authorized to conduct business and conducting business in the state of Florida, with its principal place of business at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042. For purposes of consistency, Defendant shall be referred to herein solely as "SELENE."

9. Defendant CitiMortgage Inc. (hereinafter "Citi") was and is a Missouri citizen for purposes of diversity jurisdiction, headquartered and incorporated in O'Fallon. Missouri.

## General Allegations

10. Plaintiff brings this action to recover statutorily prescribed damages for acts on

11. The part of Defendant SELENE FINANCE LP, (hereafter "SELENE'), in violation of the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA")

12. At all times material hereto, Defendant SELENE sought to collect an alleged debt from Plaintiff WILLIAM NEGRON that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes. At all relevant times, SELENE was attempting to collect a debt from the previous owner of the home; a debt which had been discharged per Bankruptcy Order.

12. At no time did SELENE have the present Legal Right to evict Plaintiff from his property in order to collect a debt from a third party

13. At no time after July 7, 2015 did CITI OR SELENE have any Legal right, title or interest in the home that would have allowed CITI OR SELENE or its agents to evict the Plaintiff from his home, trespass on his property, remove his personal property, dispose of his property or change his locks.

14. On July 7, 2015, Plaintiff's Company purchased the home at 818 Eagle Lane in Apollo Beach, Florida ("the home") in a "Bankruptcy Trustee sale" approved by the Honorable Judge Catherine Peek McEwen.

15. Plaintiff immediately began renovations and improvements on the home, including, but not limited to the kitchen, Bathroom, carpet, Pool and other miscellaneous improvements.

16. Plaintiff, after July 7, 2015, became acquainted with his neighbors, getting to know each other and exchanging phone numbers.

17. Plaintiff continued to make improvements to his home throughout August and September, meeting with, chatting with, and getting to know his neighbors.

18. On or about August 5th 2015, the deed for the sale of the home was recorded in Hillsborough County.

19. On or about December 18, 2015, an Agent of SELENE, identified himself as Don Keys their REO Agent (Real Estate Owned) knocked on the door of Plaintiff home and said the home was foreclosed upon and offered $3500 cash in exchange for the keys to the home and Plaintiff vacating same.

20. Plaintiff informed the SELENE agent that there was some mistake. That the Plaintiff had negotiations pending to liquidate the Lien from CitiMortgage and just purchased the home in July.

21. On January 8th, 2016 at approximately 9:00 P.M. Plaintiff arrived to his home to find the locks changed.

22. On January 10th 2016 the very same agent of SELENE Don Keys, arrived at the home knocked on the door and admitted to Plaintiff that SELENE said they "told me to enter take pictures and change the locks" He also stated that SELENE would enter the home, remove and dispose of all of the contents in the home. The Agent also asked if he could keep the Sofa because he was recently separated or divorced and had no furniture.

23. On or about February 8TH, 2016 Plaintiff returned to the home to find the door wide open and strangers inside. The strangers were a contractor hired by SELENE for repair estimates and an Exterminator named Rick Freeman. Again the locks were changed. The strangers put the SELENE Agent Don Keys on the phone who admitted that he

33. Neighbors inquired as to why the locks were changed so often and strangers were arriving at the home.

34. Plaintiff was embarrassed, scared, humiliated and ashamed

35. Plaintiff has suffered actual damages both economic and non-economic.

36. SELENE had no present Legal right to enter onto Plaintiff's property, enter his home or dispose of his personal property and change his locks.

## COUNT I – Fair Debt Collection Practices Act (SELENE)

37. Plaintiff incorporates the preceding allegations by reference.

38. At all relevant times SELENE – is a "debt collector".

39. SELENE is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

40. SELENE's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA under 15 U.S.C.§1692f(6).

41. Plaintiff has suffered actual damages as a result of these violations of the FDCPA.

## COUNT II – Unlawful Eviction (CITI)

42. Plaintiff incorporates the preceding allegations by reference.

43. CITI had no legal right to evict the Plaintiff.

44. Plaintiff suffered damages as a result of the illegal eviction.

## COUNT III – Trespass (All Defendants)

45. Plaintiff incorporates the preceding allegations by reference.

46. The Defendants trespassed on the Plaintiff's property.

47. Plaintiff suffered damages as a result of the trespass.

### COUNT IV – Intentional Infliction of Emotional Distress (All Defendants)

48. Plaintiff incorporates the preceding allegations by reference.

49. The conduct of Defendants constituted extreme and outrageous conduct.

50. Defendants acted with reckless disregard of the possible consequences to Plaintiff.

51. The conduct of Defendants directly and proximately caused emotional distress to the Plaintiff.

52. Plaintiff has suffered damages and continues to suffer damages as a result of the conduct of Defendants.

### COUNT V – Negligence (All Defendants)

53. Plaintiff incorporates the preceding allegations by reference.

54. Defendants owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

55. All Defendants unlawful eviction and its acts attendant to that eviction were *per se* unreasonable.

56. Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by the Defendants.

### COUNT VI – Statutory Conversion, Receipt or Concealment (SELENE)

57. Plaintiff incorporates the preceding allegations by reference.

58. SELENE took the Plaintiffs' personal property and converted it.

59. SELENE's actions in converting the property of Plaintiff were willful and intentional.

60. These acts constitute a willful or intentional conversion under Florida Law entitling Plaintiff to recover treble the value of the property converted along with costs and fees.

7

### COUNT VII– Common Law Conversion (All Defendants)

61. Plaintiff incorporates the preceding allegations by reference.

62. Defendants are responsible for the conversion of the Plaintiff's personal property.

63. Defendants had no right to possess the Plaintiff's personal property.

64. Plaintiff suffered damages as a result of the conversion.

### Demand for Jury Trial

65. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

- a. *Assume jurisdiction over all claims.*
- b. *Award actual damages.*
- c. *Award statutory damages.*
- d. *Award punitive damages.*
- e. *Award statutory costs.*

Respectfully Submitted,

WILLIAM NEGRON, Pro Se

By: _____
William Negron
15476 NW 77 C #400
Miami Lakes, FL. 33016
Phone: (786) 838-5000

Dated: April 5th, 2016