UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM NEGRON,

    Plaintiff,

v.                                                                       Case No: 8:16-cv-2231-T-36MAP

SELENE FINANCE, LP and
CITIMORTGAGE, INC.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendant Selene Finance LP's Motion to Dismiss or in the Alternative Motion for a More Definite Statement (Doc. 11). Plaintiff, proceeding *pro se*[1], responded in opposition to the motion (Doc. 13). The Court, having considered the parties' submissions and being fully advised in the premises, will now grant-in-part and deny-in-part Selene's Motion. The Court also finds that the Complaint is a shotgun pleading subject to dismissal.

**I.    STATEMENT OF FACTS**[2]

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 1:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at www.flmd.uscourts.gov/pro_se/docs/pro-seLegal_Assist.htm under the right-side link "Proceeding Without A Lawyer."

[2] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

This dispute arises over the actions taken by Selene Finance LP ("Selene") and CitiMortgage Inc. ("CitiMortgage") to foreclose property. Plaintiff's company, FTB Partners LLC ("FTB"), purchased the real property in dispute located at 818 Eagle Lane in Apollo Beach, Florida, (the "Property") on July 7, 2015. Doc. 1 at ¶ 14. Plaintiff purchased the Property in a Bankruptcy Trustee sale. *Id*. The deed for the sale of the Property was recorded on August 5, 2015, in Hillsborough County. *Id*. at ¶18.

On December 18, 2015, Don Keys ("Keys"), an agent of Selene, appeared at the Property to notify Plaintiff that the Property had been foreclosed. *Id*. at ¶ 19. At the time, Plaintiff was residing at the Property. *Id*. Keys offered $3,500 in exchange for the keys to the Property, and for Plaintiff to vacate the home. *Id*. Plaintiff notified Keys that there were negotiations pending to liquidate the lien from CitiMortgage. *Id*. at ¶ 20.

On January 8, 2016, Plaintiff found that the locks on the doors had been changed. *Id*. at ¶ 21. On January 10, 2016, Keys returned to the Property to take pictures and change the locks again. *Id*. at ¶ 22. On February 8, 2016, Plaintiff discovered a contractor and an exterminator, both hired by Selene, inside of the Property. *Id*. at ¶ 23. Keys notified Plaintiff by telephone that he changed the locks on the door again. *Id*. On March 4, 2016, Plaintiff arrived at the Property to find that the locks were changed by a Selene agent, yet again. The agent left a notice on the door to contact Wells Fargo[3]. *Id*. at ¶ 24.

On March 6, 2016, Jeff Lancaster, an agent for Selene, arrived at the Property to ensure the Property was vacant, as well as to cut the grass and dispose of all of the contents within the Property. *Id*. at ¶ 25. Plaintiff notified Mr. Lancaster that there were still negotiations taking place

---

[3] Wells Fargo is not a party to this action. It is unclear from the Complaint what its relationship is to the Property.

2

between Plaintiff and CitiMortgage. *Id.* at ¶ 26. Lancaster then left the Property. *Id.*

Plaintiff contacted Selene and the agents to request that they stop trespassing on the Property. *Id.* at ¶ 27. The agents notified Plaintiff that they would continue with the lock-out process and removal of his personal property, *id.* at ¶ 28, and directed Plaintiff to "straighten it out with the bank." *Id.* at ¶ 29.

Plaintiff was then evicted by the agent, *id.* at ¶ 30, and noticed, upon arriving to the Property, that his personal property had been removed. *Id.* at ¶ 32. Plaintiff brings the instant action in response, alleging that Selene violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 and 1692f(6) ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 ("FCCPA").

Plaintiff asserts the following causes of action: Count I, violation of the FDCPA against Selene; Count II, unlawful eviction against CitiMortgage; Count III, trespass against CitiMortgage and Selene; Count IV, intentional infliction of emotional distress against CitiMortgage and Selene; Count V, negligence against CitiMortgage and Selene; Count VI, statutory conversion, receipt or concealment against Selene; and Count VII, common law conversion against CitiMortgage and Selene.

Selene now moves to dismiss the claims against it, or in the alternative, requests a more definite statement. Selene argues that the Complaint does not sufficiently allege that Selene is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692(a)(6); nor does it contain a concise statement of the claim to establish grounds that the Plaintiff is entitled to relief. Selene further argues that the Complaint does not state a claim upon which relief can be granted. Additionally, Selene argues that, if the Court does not dismiss the Complaint with prejudice, because the Plaintiff asserts vague allegations it is entitled to a more definite statement.

Plaintiff, in his response in opposition to the Motion, attempts to provide a more definite statement and includes many more factual allegations than those provided in the Complaint. But an Amended Complaint is the appropriate avenue to provide these allegations, not a response to the Defendant's Motion to Dismiss. Plaintiff also attempts to add three additional counts and several exhibits to his Complaint, which is also improper in response to a motion to dismiss, absent the filing of an amended complaint. The Court will now address Defendant's arguments and discuss the Complaint's shortcomings.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To establish grounds for entitlement to relief, a Plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 679. The court has discretion in determining whether legal conclusions stated as "factual allegations" in the complaint are to be accepted as true. *Twombly*, 550 U.S. at 570. Because the Plaintiff proceeds pro se, the Court will construe his pleadings liberally and will hold his pleadings to a "less stringent standard" than that of a licensed attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

### A. The Complaint is a Shotgun Pleading

In addition to the requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," a party's claims must be "limited as far as practicable to a single set of circumstances . . . [and] must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. Shotgun pleadings "incorporate every antecedent allegation by reference into each subsequent claim for relief." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' " *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008). Complaints that are "disjointed, repetitive, disorganized and barely comprehensible" also constitute shotgun pleadings. *Id*. at 276. In the event of a shotgun pleading, the court should strike or dismiss the complaint and instruct Plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 995, 984 (11th Cir. 2008).

Here, the Complaint contains seven counts, some of which are unrelated to one another. All counts, however, incorporate the preceding allegations by reference. As a result, the counts are vague, repetitive, and contain factually irrelevant information. Therefore, the Complaint is defective, as it is an impermissible shotgun pleading. The Court will dismiss the Complaint on this basis.

### B. Selene's Motion to Dismiss

#### i. Fair Debt Collection Practices Act

Selene argues that Plaintiff's FDCPA claim fails because it is not a debt collector as defined by 15 U.S.C. § 1692(a)(6). Doc. 11 at 4. A plaintiff must allege the following to state a cause of

action under the FDCPA: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 692 (S.D. Fla. 2015). A debt collector, as defined by the FDCPA, is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6); *Rajbhandari*, 305 F.R.D. at 692. But this term does not include "any person collecting or attempting to collect any debt ... owed or due another to the extent that such activity ... concerns a debt which was not in default at the time it was obtained by such person...." 15 U.S.C. § 1692(a)(6)(F)(iii).

Selene argues that as a loan servicer it is not a debt collector under the FDCPA unless it acquired the debt upon which it acts when it was in default. Many courts have held that a mortgage servicing company is not considered a debt collector "as long as the debt was not in default at the time it was assigned." *See e.g., Fenello v. Bank of Am., NA*, 577 Fed. Appx. 899, 902 (11th Cir. 2014) (loan servicer was not a debt collector under FDCPA because the debt was not in default at the time it became the servicer); *Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013) (same); *Geiger v. Florida Hosp. Meml. Med. Ctr.*, 616CV1477ORL37GJK, 2017 WL 1177310, at *3 (M.D. Fla. Mar. 29, 2017) (holding that allegations did not establish that defendant was a debt collector when it filed a lien on debt it received before it was in default).

Whether Selene is a debt collector depends upon whether Selene "acquired the loan as a debt in default and whether its collection activities were based on that understanding." *Belin v. Litton Loan Servicing, LP*, No. 8:06CV760 T24EAJ, 2006 WL 1992410, at *3 (M.D. Fla. July 14,

6

2006); *see also Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1204 (M.D. Fla. 2015). It appears from the Complaint that CitiMortgage is the mortgage holder, and Selene is the loan servicer, given the activities Plaintiff attributes to it, i.e. maintaining the property and contacting the resident within the property. *See*, *e.g*., Doc. 1 at ¶ 20. Therefore, Plaintiff must allege that the loan was in default at the time Selene acquired it to support his allegation that Selene is a debt collector under the FDCPA. *Goodin*, 114 F. Supp. 3d at 1204.

Plaintiff alleges that Selene sought to enforce CitiMortgage's mortgage lien[4]; and that it is a debt collector who sought to collect from the previous owner of the Property who received a discharge in bankruptcy. Doc. 1 at ¶¶ 12, 20, 38-40. There are no explicit allegations in the Complaint that the debt was in default when Selene began servicing the loan. The Complaint does provide that the Property was part of the bankruptcy estate, which is how Plaintiff obtained the Property. It also generally alleges that Selene is a debt collector for purposes of the FDCPA. Construing the Complaint liberally, the Court concludes that it sufficiently alleges that Selene is a debt collector under the statute.

But Plaintiff does not allege standing to sue Selene; he is neither the title-holder of the Property nor the debtor. And he has not sufficiently alleged his ownership or possessory interest in the Property. Plaintiff's company, FTB, purchased and owned the Property. *Id*. at ¶ 14. The Eleventh Circuit has held that a title-holder to property subject to collection lacked Article III standing because she was not a borrower and did not suffer an injury-in-fact, and she did not meet the prudential requirements for standing because she was not in the zone of interests protected by the statute. *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868 (11th Cir. 2010). *See also Deuel v. Santander Consumer USA, Inc.*, 700 F.Supp. 2d 1306 (S.D. Fla. 2010) (Plaintiff, who was not

---

[4] Plaintiff alleges that he was negotiating with CitiMortgage to liquidate its lien. Doc. 1 at ¶ 20.

the debtor, lacked standing under FDCPA to sue under § 1692c(b)). Thus, the Court will require Plaintiff to provide a more definite statement in support of this allegation.

Plaintiff also alleges that Selene violated 15 U.S.C. § 1692f(6). Under Section 1692f(6), a debt collector is prohibited from

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Assuming that Selene is a debt collector for the purpose of evaluating Plaintiff's allegations under 15 U.S.C. § 1692f(6), the Court must determine whether Plaintiff's Complaint sufficiently alleges that Selene was in violation of this section of the FDCPA. Selene asserts that the Bankruptcy Order authorized agents of CitiMortgage to seek *in rem* relief "pursuant to its valid and continuing mortgage lien." Doc. 11 at 7. Selene also asserts that FTB, not Plaintiff, purchased the Property subject to "CitiMortgage's existing security interest." Doc. 11 at 7. Based upon the security interest, Selene further asserts that it had the current "right to possession of the Property." Doc. 11 at 7 (citing *Fenello v. Bank of Am., NA*, 577 Fed. Appx. 899, 903 (11th Cir. 2014)).

Ordinarily, the Court does not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). The Court recognizes an exception to this rule where a plaintiff refers to a document in his complaint, the document is central to his claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss. *Fin. Sec. Assur., Inc. v. Stephens*, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). In this case, although the documents referred to by Selene appear central to Plaintiff's claims, the Defendant

did not file the documents with the Motion.[5] Therefore, the Court will not consider the arguments which rely upon them.

In any event, Plaintiff did not provide sufficient factual allegations to support his contention that: 1) he had a right of ownership or possession to the Property and therefore has standing to sue or that 2) Selene had no right to possession of the Property. Therefore, Plaintiff must provide a more definite statement in support of Count I.

### ii. Civil Trespass

Selene argues that the civil trespass cause of action fails as a matter of law. Civil trespass to real property is "an injury to or use of the land of another by one having no right or authority." *Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 659 (Fla. 5th DCA 2005). And, a plaintiff must allege that he had "an ownership or possessory interest in the property at the time of the trespass." *Winselmann v. Reynolds*, 690 So. 2d 1325, 1327 (Fla. 3d DCA 1997) (quoting *Vincent v. Hines*, 84 So. 614, 616 (1920)). Therefore, where it is clear from the allegations of a complaint that the plaintiff allegedly only had an easement or a right to the use of the subject property, a trial court may dismiss the civil trespass claim. *Id. See also Clark v. Ashland, Inc.*, 213CV794FTM29MRM, 2017 WL 468213, at *8 (M.D. Fla. Feb. 3, 2017) (dismissing *pro se* litigant's civil trespass claim with prejudice where plaintiff did not allege sufficient facts to show ownership or possessory interest in the property).

Although not the title-holder, Plaintiff alleges that he was "residing" at the Property. But he does not allege a factual basis for his ownership or possessory interest in the Property. And Plaintiff has not made sufficient factual allegations to support that Selene lacked the right or

---

[5] Although the motion references Exhibits A, B, and C, counsel did not file them with the Motion.

authority to take possession of the Property. Therefore, Plaintiff must provide a more definite statement in support of Count III for trespass.

### iii. Intentional Infliction of Emotional Distress

Selene argues that Plaintiff's allegation of intentional infliction of emotional distress ("IIED") is without merit. A complaint must allege four elements to state a cause of action for IIED: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007). Furthermore, such behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency[,]" so as to be "atrocious, and utterly intolerable in a civilized community." *Id*. at 594-95. Such a determination of outrageous behavior is a question of law, not of fact. *Id*. at 595.

Here, Plaintiff does not state any factual allegations to sufficiently allege that Selene's conduct was so outrageous as to go "beyond all possible bounds of decency." *Id*. at 594-95; *see Delk v. Bank of Am., N.A.,* 5:14-CV-469-OC-32PRL, 2016 WL 70617, at *7 (M.D. Fla. Jan. 6, 2016) (holding that the defendant's "disregard of notices of its trespasses and the resulting impairment of the [plaintiff's] ownership of their property . . . [was] not enough to rise to the level of outrageousness necessary to allow a claim for IIED."). Selene's actions simply do not rise to the level of outrageousness required to sustain an IIED cause of action. Plaintiff must provide a more definite statement in support of Count IV for IIED.

### iv. Negligence

To state a claim for negligence, a plaintiff must allege that the (1) defendant owed a duty to the plaintiff, (2) defendant breached that duty, (3) defendant's breach caused the injury, and (4)

plaintiff suffered harm as a result of the breach of duty. *Jackson v. Sweat,* 783 So. 2d 1207, 1207 (Fla. 1st DCA 2001).

Plaintiff has not sufficiently alleged his standing to sue Selene for its actions against the Property, nor has he alleged facts supporting that Selene owed him a duty of care. Therefore, he has not alleged sufficient allegations to support a claim for negligence. And, to the extent Plaintiff did allege a duty of care, he does not allege facts showing how Selene breached its duty. As a result, Plaintiff's Complaint does not sufficiently allege a claim for negligence. Plaintiff must provide a more definite statement in support of Count V for negligence.

### v. Statutory Conversion, Receipt or Concealment

Counts VI and VII have been combined for review, as Plaintiff alleges causes of action for both statutory conversion and common law conversion of his personal property. It is unclear as to what "personal property" Plaintiff refers. He alleges that Selene "dispose[d] of his personal property" and only references carpet and locks. *See* Doc. 1 at ¶ 15, 36. While Plaintiff did not specify the conversion statute under which he proceeds, the Court will assume, as Selene did for the purposes of its motion, that Plaintiff relies on Fla. Stat. § 772.11 governing "civil remedies for theft." Doc. 11 at 11.

"A conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Mayo v. Allen*, 973 So. 2d 1257, 1258-59 (Fla. 1st DCA 2008). And "conversion may occur where a person wrongfully refuses to relinquish property to which another has the right of possession." *Seymour v. Adams*, 638 So. 2d 1044, 1047 (Fla. 5th DCA 1994).

To state a cause of action for civil theft under Florida law, Plaintiff must allege that Selene: "(1) knowingly (2) obtained or used, or endeavored to obtain or use, [plaintiff]'s property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive [plaintiff] of its right to or a

benefit from the property or (b) appropriate the property to [defendant]'s own use or to the use of any person not entitled to the property." *Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F.Supp. 2d 1261, 1266 (S.D. Fla. 2011) (quoting *United Techs. Corp. v Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009)). Additionally, Florida Statute § 772.11 requires the plaintiff, prior to filing an action for damages "make a written demand for $200 or the treble damage amount of the person liable for damages." Fla. Stat. § 772.11(1).

Here, Plaintiff did not identify the personal property at issue, or allege that he made a written demand for $200 to Selene. He also has not adequately alleged the injuries he suffered, if any. Therefore, Plaintiff must provide a more definite statement in support of Count VI and Count VII.

### C. FCCPA

Plaintiff generally alleges that Selene violated the FCCPA, Doc. 1 at ¶¶ 6, 11, 12; but does not bring a separate cause of action in the Complaint. Nonetheless, construing Plaintiff's Complaint liberally, the Court will presume he intended to bring this claim as a separate count and will, therefore, address it.

In relevant part, the FCCPA prohibits any person from "[c]ommunicat[ing] or threaten[ing] to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection"; "[w]illfully engag[ing] in [] conduct which can reasonably be expected to abuse or harass the debtor"; or "assert[ing] the existence of some [] legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(4), (7), and (9). However, these provisions apply only to the collection of "consumer debts." Fla. Stat. § 559.72; *see also Morgan v. Wilkins*, 74 So. 3d 179,

181 (Fla 1st DCA 2011) (noting that Section 559.72 precludes certain conduct only "[i]n collecting consumer debts"). Under the FCCPA, a "consumer debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." Fla. Stat. § 559.55(6).

To state a claim under section 559.72(9) of the FCCPA, Plaintiff must allege that Selene asserted a legal right that did not exist and that it had actual knowledge that the right did not exist. *Bentley v. Bank of Am.*, N.A., 773 F. Supp. 2d 1367, 1372–73 (S.D. Fla. 2011). *See also Reese v. JP Morgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (dismissing FCCPA claim with prejudice where the plaintiff failed to plead any facts that the defendants had knowledge that they were pursuing a debt to which they were not legally entitled). Moreover, courts have held that a "demand for payment upon a legitimate debt will not support a claim under section 559.72(9)." *Id*. (quoting *Locke v. Wells Fargo Home Mortg.,* Case No. 10–60286–CIV, 2010 WL 4941456, at *3 (S.D. Fla. Nov. 30, 2010) (holding that nothing in the FCCPA prevented Wells Fargo from attempting to collect on the outstanding amounts owed by the plaintiff for the mortgage loan)).

Plaintiff's allegations sufficiently allege that Selene attempted to collect a consumer debt, Doc. 1 at ¶ 12; but do not sufficiently allege that Selene violated the statute. Plaintiff only alleges that "Selene was attempting to collect a debt from the previous owner of the home; a debt which had been discharged per Bankruptcy Order," and that Selene had no legal right to evict Plaintiff from his property. *Id*. at ¶¶ 11- 13. These allegations are insufficient to state a claim under the FCCPA.

Although Plaintiff alleges generally that the debt was discharged in bankruptcy, taken as true, a mortgage holder has a legal right to take possession of property pursuant to its lien rights

13

even after a debtor's discharge in bankruptcy. *See In re Mele*, 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013) ("The fresh start notwithstanding, a Chapter 7 discharge does not avoid or otherwise affect a lien against property of the debtor."). *See also Johnson v. Home State Bank*, 501 U.S. 78, 83, (1991) ("[A] discharge extinguishes only the personal liability of the debtor..., the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.") (internal citation and quotation marks omitted); *Universal American Mortgage Company v. Bateman*, 331 F.3d 821, 827 (11th Cir. 2003) (stating that a secured creditor need not do anything during bankruptcy because it will always be able to look to the underlying collateral to satisfy its lien).

And, as previously stated, Plaintiff acknowledged that he was not the purchaser of the Property; rather, it was his business that purchased the Property. Doc. 1 at ¶ 14. To state a claim against Selene for violating the FCCPA, Plaintiff must incorporate sufficient allegations regarding Selene's knowledge that the right to take possession of the home did not exist. Plaintiff must also bring the claim in a separate count.

## IV. CONCLUSION

The Court will dismiss the Complaint as a shotgun pleading. But Plaintiff will be given an opportunity to amend his Complaint to include more definite statements as to each count of his Complaint, and add additional counts, if he deems it appropriate. The Court is especially concerned with Plaintiff's standing to sue the Defendants regarding this Property, when he admits that he purchased it through his company, FTB, and not individually.[6] Plaintiff must sufficiently establish

---

[6] This Court's local rules require a corporate entity to obtain counsel to proceed with litigation. *See* M.D. Fla. L.R. 2.03(e). ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.1 or Rule 2.02.")

his standing to sue, allege sufficient facts to support his causes of action, and otherwise abide by the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida.

Accordingly, it is **ORDERED:**

1. Selene's Motion to Dismiss (Doc. 11) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

2. The Complaint (Doc. 1) is **DISMISSED,** without prejudice. Plaintiff is granted leave to file an Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order, which corrects the deficiencies discussed in this Order.

3. Failure to file an Amended Complaint in the time period permitted will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on June 23, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any